# Illinois Official Reports

## Supreme Court

---

### *People v. Melongo*, 2014 IL 114852

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANNABEL MELONGO, Appellee. |
| Docket No. | 114852 |
| Filed | March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A defendant could not be criminally prosecuted for divulging the contents of conversations she recorded in violation of the eavesdropping statute where that statutory prohibition itself, in its overbreadth, was unconstitutional, in violation of the first amendment. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, the Hon. Steven J. Goebel, Judge, presiding. |
| Judgment | Circuit court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People.<br><br>Gabriel Bankier Plotkin, Daniel M. Feeney and Alexandra K. Block, of Miller Shakman & Beem LLP, of Chicago, for appellee.<br><br>Harvey Grossman and Adam Schwartz, of Roger Baldwin Foundation of ACLU, Inc., of Chicago, and Richard J. O'Brien and Sean Siekkinen, of Sidley Austin LLP, of Chicago, for *amicus curiae* American Civil Liberties Union of Illinois. |

Justices            CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant Annabel Melongo was charged with violations of section 14-2 of the Criminal Code of 1961 (720 ILCS 5/14-2 (West 2008)), which defines the offense of eavesdropping. The circuit court of Cook County found the statute unconstitutional. Thus, appeal lies directly to this court. Ill. S. Ct. R. 302 (eff. Oct. 4, 2011).

¶ 2      We allowed the American Civil Liberties Union of Illinois to file a brief *amicus curiae* pursuant to Supreme Court Rule 345. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 3      For the following reasons, we affirm the judgment of the circuit court.

¶ 4                             BACKGROUND

¶ 5      Defendant was charged with computer tampering in an unrelated case. The arraignment was set for June 18, 2008. The docket sheet, the judge's half sheet, and the court call sheet for that date indicate that defendant was not in court and that the arraignment did not take place.

¶ 6      Defendant later obtained an official court transcript of the June 18, 2008, proceeding, which stated that she was present and was arraigned on that date. Her efforts to have the court reporter change the transcript were unsuccessful. The court reporter referred defendant to her supervisor, Pamela Taylor, the Assistant Administrator of the Cook County Court Reporter's Office, Criminal Division. In their first telephone conversation, Taylor explained to defendant that any dispute over the accuracy of a transcript should be presented to the judge for resolution.

¶ 7      Defendant surreptitiously recorded three subsequent telephone conversations with Taylor and posted the recordings and transcripts of the conversations on her website. She was charged with three counts of eavesdropping (720 ILCS 5/14-2(a)(1) (West 2008)), and three counts of using or divulging information obtained through the use of an eavesdropping device (720 ILCS 5/14-2(a)(3) (West 2008)).

¶ 8      In a motion to dismiss, she stipulated that she recorded the conversations and posted them on her website, but claimed her conduct was permitted under an exception to the statute. Specifically, she claimed she was allowed to record a conversation "under reasonable suspicion that another party to the conversation is committing, is about to commit, or has committed a criminal offense against the person *** and there is reason to believe that evidence of the criminal offense may be obtained by the recording." 720 ILCS 5/14-3(i) (West 2008).

¶ 9      The State argued that the exception did not apply in this case because the court reporter whom defendant accused of creating a forged transcript was not a party to the recorded conversations. Thus, the State asserted, defendant should not be allowed to claim that the

exception of section 14-3(i) applied to her recordings of Taylor. The trial court granted the State's motion *in limine* to preclude defendant from raising this defense at trial.

¶ 10 In her motion to reconsider, defendant argued that Taylor was a party to a criminal conspiracy and, thus, the statutory exception should be available to her at trial. The trial court denied her motion to reconsider.

¶ 11 Defendant then filed a motion to dismiss on the basis that the eavesdropping statute is unconstitutional under the due process clauses of both the Illinois and United States Constitutions because there is "no rational relationship between requiring two party consent and a legitimate state interest." Two days later, this motion was argued and denied.

¶ 12 The matter proceeded to trial. The jury was unable to reach a unanimous verdict, and the court declared a mistrial. The matter was assigned to a second judge.

¶ 13 Thereafter, defendant filed a *pro se* motion to declare the statute unconstitutional, raising first amendment and due process claims. The State filed a response arguing that the statute does not violate either the first amendment or due process and that it is constitutional as applied to defendant.

¶ 14 After a hearing on the motion, the court found the statute both facially unconstitutional and unconstitutional as applied to defendant. The court's subsequent written order stated that "the statute appears to be vague, restrictive and makes innocent conduct subject to prosecution." Further, the court observed, the statute "lacks a culpable mental state, subjects wholly innocent conduct to prosecution, and violates substantive due process" under both the United States and Illinois Constitutions. In reaching this decision, the circuit court relied in part on *American Civil Liberties Union v. Alvarez*, 679 F.3d 583 (7th Cir. 2012) (finding that plaintiff had a strong likelihood of success in its first amendment claim that the Illinois eavesdropping statute was unconstitutional as applied to its plan to record police officers performing their duties in public places).

¶ 15                                    ANALYSIS
¶ 16 Section 14-2 of the Criminal Code provides that:

> "(a) A person commits eavesdropping when he:
>
> (1) Knowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercepts, retains, or transcribes electronic communication unless he does so (A) with the consent of all of the parties to such conversation or electronic communication or (B) in accordance with Article 108A or Article 108B of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended; or
> ***
> (3) Uses or divulges, except as authorized by this Article or by Article 108A or 108B of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended, any information which he knows or reasonably should know was obtained through the use of an eavesdropping device." 720 ILCS 5/14-2 (West 2008).

¶ 17 As appellant, the State argues in its opening brief that the statute does not violate due process on its face because it does contain a culpable mental state requiring both knowledge

and intent. The State further argues that the statute is not unconstitutional as applied to defendant because she admits having recorded and divulged the contents of the conversations knowingly and intentionally. The State's opening brief does not address defendant's first amendment claim, stating that although the circuit court cited extensively to *Alvarez*, a first amendment case, the court "relied exclusively on the substantive due process clause" in reaching its conclusion.

¶ 18   Defendant frames four issues. She argues that section 14-2(a)(1), the "recording provision," is unconstitutional on both first amendment and due process grounds; similarly, she argues that section 14-2(a)(3), the "publishing provision," also violates the first amendment and due process. In the alternative, she argues that if the statute is not found unconstitutional on its face, it is nevertheless unconstitutional as applied to her recording of a public official who was acting in her official capacity when she engaged in the recorded conversation.

¶ 19   The State responds to the first amendment arguments in its reply brief, arguing that the statute is a content-neutral restriction on the time, place, and manner of the exercise of first amendment rights and that it is narrowly tailored. However, the State reiterates its position that no first amendment issue is at stake.

¶ 20   The constitutionality of a statute is a question of law that we review *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011). We presume that a statute is constitutional and, thus, the party challenging its constitutionality bears a burden of clearly establishing that the statute violates the constitution. *People v. Kitch*, 239 Ill. 2d 452, 466 (2011). In addition, if it is reasonably possible to construe the challenged statute in a manner that preserves its constitutionality, we have a duty to do so. *People v. Hollins*, 2012 IL 112754, ¶ 13.

¶ 21   As an initial matter, we reject the State's suggestion that the trial court's ruling in the present case was based entirely on due process. The defendant's motion raised a first amendment challenge. The trial court gave careful consideration and significant weight to the Seventh Circuit's opinion in *Alvarez*, a first amendment case. Finally, in its written order, the trial court specifically described the statute as "vague" and noted that it subjects innocent conduct to prosecution; in effect, the court found the statute to be overbroad. While vagueness and overbreadth may be considered in a due process challenge, they are also properly applied in the first amendment context. See, *e.g*., *People v. Sharpe*, 216 Ill. 2d 481, 527 (2005) (if first amendment rights are not at stake in a vagueness challenge, "due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions" (internal quotation marks omitted)); *City of Chicago v. Pooh Bah Enterprises, Inc.*, 224 Ill. 2d 390, 442 (2006) ("[W]hen a law threatens to inhibit the exercise of constitutionally protected rights such as those protected under the first amendment, the Constitution demands that a more stringent vagueness test be applied. In such a scenario, a statute is void for vagueness if it reaches a substantial amount of constitutionally protected conduct.").

¶ 22   Although the trial court did not specifically invoke the first amendment, it stated that it was relying on the Seventh Circuit's analysis in *Alvarez*. In addition, the court's findings of

vagueness and overbreadth are consistent with both first amendment and due process grounds. We find that the first amendment issue is sufficiently implicated by the circuit court's ruling to permit consideration of defendant's first amendment argument here.

¶ 23    The State also argues that defendant should be barred from raising a constitutional challenge to the statute because her constitutional claims are inconsistent with her defense at trial. At trial, she admitted that she made the recordings but argued she was permitted to do so by the statutory exception permitting an individual to record a conversation "under reasonable suspicion that another party to the conversation is committing, is about to commit, or has committed a criminal offense against the person *** and there is reason to believe that evidence of the criminal offense may be obtained by the recording." 720 ILCS 5/14-3(i) (West 2008). The State asserts that because defendant admits that she made the recordings and that she was aware at the time that her conduct was a crime if not justified by the statutory exception, she cannot now claim that the statute is vague or overbroad.

¶ 24    Defendant raised a due process challenge before the mistrial, and she raised both due process and first amendment challenges after the mistrial. The State does not explain why a criminal defendant may not argue in the alternative that the statute under which she was charged is unconstitutional and, failing that, that an exception to the statute excused her conduct. In any event:

> "Overbreadth is a judicially created doctrine which recognizes an exception to the established principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court. Under the doctrine, a party being prosecuted for speech or expressive conduct may challenge the law on its face if it reaches protected expression, even when that person's own activities are not protected by the first amendment. The reason for this special rule in first amendment cases is apparent: an overbroad statute might serve to chill protected speech. A person contemplating protected activity might be deterred by the fear of prosecution. The doctrine reflects the conclusion that the possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted." *Pooh Bah*, 224 Ill. 2d at 435-36.

¶ 25    Thus, we find it appropriate to reach the merits of defendant's first amendment claim.

¶ 26    On the same day that oral arguments were heard in the present case, the court heard arguments in the case of *People v. Clark*, 2014 IL 115776. Although the cases were not consolidated, they involved similar issues, including a first amendment challenge to section 14-2(a)(1) of the eavesdropping statute, which defendant describes as the "recording provision." Our analysis in the present case is guided by our holding in *Clark*.

¶ 27    Defendant suggests that the statute is subject to intermediate scrutiny; the State does not specifically address the constitutional standard, but does assert that the statute is content-neutral, which invites intermediate scrutiny. *Holder v. Humanitarian Law Project*, 561 U.S. 1, ___, 130 S. Ct. 2705, 2723 (2010). A content-neutral regulation will be sustained under the first amendment if it advances important governmental interests unrelated to the suppression of free speech and does not substantially burden more speech than necessary to further those interests. *Turner Broadcasting System, Inc. v. Federal Communications Comm'n*, 520 U.S. 180, 189 (1997); *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968).

¶ 28    The State and defendant agree that the purpose of the eavesdropping statute is to protect conversational privacy. However, the statute as now written deems all conversations to be private and, thus, not subject to recording absent consent, even if the participants have no expectation of privacy. The State argues that the choice between a law that might be over-inclusive and one that might be under-inclusive is a policy matter for the legislature, not the courts.

¶ 29    When that policy criminalizes a wide range of innocent conduct, however, it cannot be sustained. The statute criminalizes the recording of conversations that cannot be deemed private: a loud argument on the street, a political debate on a college quad, yelling fans at an athletic event, or any conversation loud enough that the speakers should expect to be heard by others. None of these examples implicate privacy interests, yet the statute makes it a felony to audio record each one. Judged in terms of the legislative purpose of protecting conversational privacy, the statute's scope is simply too broad. *Clark*, 2014 IL 115776, ¶¶ 22-23.

¶ 30    Further, even when the recorded conversation is held in private, the statute does not distinguish between open and surreptitious recording. The statute prohibits any recording of a conversation absent the consent of all parties. Thus, rather than knowing that he or she can proceed legally by openly recording a conversation so that all parties are aware of the presence of an operating recording device, the individual must risk being charged with a violation of the statute and hope that the trier of fact will find implied consent. See *People v. Ceja*, 204 Ill. 2d 332, 349-50 (2003) (holding that consent under the eavesdropping statute may be express or implied; implied consent is consent in fact, inferred from the surrounding circumstances that indicate the individual knowingly agreed to the recording). *Clark*, 2014 IL 115776, ¶ 22.

¶ 31    We conclude as we did in *Clark*, 2014 IL 115776, that the recording provision of the eavesdropping statute (720 ILCS 5/14-2(a)(1) (West 2008)), burdens substantially more speech than is necessary to serve a legitimate state interest in protecting conversational privacy. Thus, it does not survive intermediate scrutiny. We hold that the recording provision is unconstitutional on its face because a substantial number of its applications violate the first amendment. See *United States v. Stevens*, 559 U.S. 460, 473 (2010) (a statute may be invalidated as overbroad if a substantial number of its applications are unconstitutional when judged in relation to the statute's legitimate sweep).

¶ 32    Defendant raises an additional claim that is not present in *Clark*. She argues that what she describes as the "publishing provision" of the statute (720 ILCS 5/14-2(a)(3) (West 2008)), is also unconstitutional. The plain language of this provision criminalizes the publication of any recording made on a cellphone or other such device, regardless of consent. This alone would seem to be sufficient to invalidate the provision.

¶ 33    The State defends the provision in its brief by noting that Illinois Pattern Jury Instructions on this offense "read in" a requirement that the recording being divulged have been obtained in violation of the recording provision of section 14-2(a)(1). See Illinois Pattern Jury Instructions, Criminal, 12.03X (4th ed. 2000). Further, the State argues that defendant is not prohibited from making public the content of the conversation she recorded, she is merely prohibited from "preserving the speech of the other person in the precise manner that she would prefer," *i.e.*, a recording.

¶ 34    At oral argument, however, the State conceded that if the recording provision is found unconstitutional, the publishing provision must also fail, in light of the Supreme Court's

decision in *Bartnicki v. Vopper*, 532 U.S. 514 (2001). In *Bartnicki*, the Court considered the constitutionality of state and federal statutes prohibiting the intentional disclosure of illegally intercepted communications that the disclosing party knew or should have known were illegally obtained. The Court observed that the "naked prohibition against disclosures" in the challenged statutes was "fairly characterized as a regulation of pure speech" by an innocent party. *Id.* at 526. The Court held that under the first amendment, the state may not bar the disclosure of information regarding a matter of public importance when the information was illegally intercepted by another party who provided it to the disclosing party. *Id.* at 535.

¶ 35    Because we have held that the statutory provision criminalizing defendant's recording of the three conversations is unconstitutional on its face, she is in the position of an innocent party who is subject to a "naked prohibition against disclosure." It matters not whether the contents of the recorded conversations were a matter of public interest because, unlike in *Bartnicki*, the recordings cannot be characterized as illegally obtained.

¶ 36    We hold that defendant cannot be constitutionally prosecuted for divulging the contents of the conversations she recorded, just as the media defendants in *Bartnicki* could not be prosecuted for disclosing recorded communications. We, therefore, find the publishing provision to be overbroad as well.

¶ 37                            CONCLUSION
¶ 38    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 39    Circuit court judgment affirmed.