**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TIMOTHY L. BLIXSETH,
*Appellant*,

v.

YELLOWSTONE MOUNTAIN CLUB,
LLC; AD HOC GROUP OF CLASS B
UNIT HOLDERS; CIP SUNRISE RIDGE
OWNER LLC; CIP YELLOWSTONE
LENDING LLC; CROSSHARBOR
CAPITAL PARTNERS, LLC; MARC S.
KIRSCHNER; CREDIT SUISSE AG,
CAYMAN ISLANDS BRANCH;
YELLOWSTONE CLUB LIQUIDATING
TRUST,
*Appellees*.

No. 12-35986

D.C. No.
2:11-cv-00073-
SEH

ORDER

Filed August 4, 2015

Before: Alex Kozinski, Richard A. Paez,
and Marsha S. Berzon, Circuit Judges.

## SUMMARY[*]

### Bankruptcy / Sanctions

The panel imposed sanctions on a party and one of his attorneys under Fed. R. App. P. 38 and 28 U.S.C. § 1927 for bringing a frivolous appeal in a bankruptcy case.

The panel held that the Rule 38 sanctions were warranted because the appeal from a motion for disqualify the bankruptcy judge was wholly without merit.  The panel also sanctioned the attorney under section 1927 for multiplying the proceedings unreasonably and vexatiously in breach of his professional duty of good faith and candor in dealing with the judiciary.  The panel concluded in its discretion that sanctions against the party's other attorneys were not warranted.

### ORDER

In a recusal motion, Timothy Blixseth and his attorneys hurled nineteen accusations of misconduct at a bankruptcy judge who had ruled against Blixseth.  In a forty-seven page opinion, the judge found the accusations to be meritless.  *In re Yellowstone Mountain Club, LLC*, No. 08-61570-11, 2011 WL 766979 (Bankr. D. Mont. Feb. 25, 2011).  The district court affirmed, as did we, concluding that Blixseth's accusations were "a transparent attempt to wriggle out of an unfavorable decision by smearing the reputation of the judge who made it." *Blixseth* v. *Yellowstone Mountain Club, LLC*,

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

742 F.3d 1215, 1218, 1222 (9th Cir. 2014).  We subsequently issued an order to show cause why Blixseth and his attorneys should not be sanctioned for pressing the appeal.  Having heard from all interested parties, we now rule on the order to show cause.

### 1.  Blixseth and Flynn

**i.**  We "have discretion to award damages, attorney's fees, and single or double costs as a sanction for bringing a frivolous appeal."  *Glanzman* v. *Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (citing Fed. R. App. P. 38).  An appeal is frivolous "when the result is obvious or the appellant's arguments are wholly without merit."  *Id.* (internal quotation marks omitted).

We noted the utter frivolousness of Blixseth's claims in our opinion, *Blixseth*, 742 F.3d at 1221–22, but gave him and his attorneys an opportunity to explain why their claims nevertheless had arguable merit.  Blixseth and attorney Michael Flynn fail, once again, to back up their accusations "with even a shred of credible evidence."  *Id.* at 1222.

Blixseth's personal "response" is almost entirely nonresponsive.  Mostly he reasserts the conspiracy theory he advanced throughout Yellowstone's bankruptcy proceedings.  Blixseth criticizes the bankruptcy judge's rulings, but, as we explain in our opinion, adverse rulings are almost never a valid basis for a recusal motion.  *Blixseth*, 742 F.3d at 1220.  Blixseth also hurls baseless accusations against one of the judges on this panel.  Nothing in Blixseth's personal response comes close to persuading us that his recusal motion or the resulting appeals weren't a meritless "effort . . . to rid himself of a judge who had ruled against him."

Blixseth and Flynn spend significant time discussing facts outside the record, but fail to defend many of the nineteen frivolous accusations they raised. For example, we explained in our opinion that Blixseth's accusation that the bankruptcy judge "'sua sponte requested' that counsel in his ex-wife's bankruptcy proceeding 'opine on the reputation of Mr. Blixseth's lead litigation counsel, Michael Flynn'" was "at best, a distortion of the record." *Blixseth*, 742 F.3d at 1221. Blixseth and Flynn ignore this, along with many other accusations we rejected in our opinion. Still, Blixseth claims to "stand behind" the disqualification motion and appeal "more so today than ever."

Blixseth's and Flynn's responses do nothing to change our conclusion that the appeal was "wholly without merit." *Glanzman*, 892 F.2d at 61 (internal quotation marks omitted).

**ii.** We may also order an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp.* v. *Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). We have held that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (internal quotation marks omitted).

Flynn has not retracted his "demonstrably inaccurate" statements to the court at oral argument regarding the involvement of a senior bankruptcy judge in a mediation. *See Blixseth*, 742 F.3d at 1220 n.2. At oral argument before us, Flynn also accused the bankruptcy judge of "concealing his

involvement in . . . settlement negotiations," but he has offered no evidence that the judge concealed anything. Flynn continues to accuse the bankruptcy judge of engaging in "ex parte communications" and attending a "clandestine meeting." But Flynn fails to acknowledge that Blixseth, who was not a bidder, had no right to attend this meeting, and thus the meeting "wasn't ex parte as to him." *Blixseth*, 742 F.3d at 1220.

Flynn's propensity for distortion doesn't end with the record developed in the bankruptcy court. For example, when discussing a telephone call from the bankruptcy judge's law clerk at oral argument before us, a judge posed the following question to Flynn: "I thought the [bankruptcy] judge made findings that it didn't happen?" Flynn replied that the bankruptcy judge found that he didn't know that the call had happened, not that it hadn't happened. Despite this interaction, Flynn's response to the order to show cause accuses the judge of concluding during oral argument that the call "never occurred." At argument, we also warned Flynn about his improper reliance on facts outside the record; nonetheless, Flynn continues to rely on such facts.

Flynn's conduct has been unprofessional throughout the proceedings. He proffered two emails allegedly obtained from Blixseth's ex-wife's account—unsurprisingly, documents outside the record—without even alluding to the fact that in another action, "[Blixseth's ex-wife] and her counsel filed affidavits and supporting documents that conclusively demonstrate that the 'evidence' is forged." This omission is an unreasonable and irresponsible breach of Flynn's "duty of good faith and candor in dealing with the judiciary." *United States* v. *Associated Convalescent Enters.,*

*Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985). Such a breach supports sanctions under section 1927. *See id.* at 1346–47.

### 2.   Fox, Conant, Ferrigno and Stillman

Patrick T. Fox, Christopher J. Conant, Michael J. Ferrigno and Philip H. Stillman were involved to varying degrees in bringing the appeal. Like Flynn, they all argue that the appeal was not frivolous because one could have inferred that the bankruptcy judge was biased against Blixseth from the nineteen accusations that they raised. As explained in our opinion and order to show cause, we find this argument risible. Nevertheless, these other attorneys limit their responses to address (1) how some of the accusations supported the theory of the appeal, (2) how they acted in good faith in appealing and (3) their limited roles in the appeal. They don't attack the bankruptcy judge or this panel, nor do they regurgitate Flynn and Blixseth's conspiracy theories.

Tellingly, these four attorneys distance themselves from Blixseth and Flynn; some even criticize Flynn's handling of the argument. Stillman writes: "[I] certainly appreciate[ ] the Court's concerns about what it termed the 'blunderbuss' approach to the appeal, and [I] cannot honestly say that [I] would have emphasized the same arguments . . . ." Ferrigno, Fox and Conant are withdrawing from their representation of Blixseth, and Stillman claims to have had "almost no involvement" in the appeal.

The fact remains, however, that these lawyers allowed their names to be placed on briefs that presented frivolous and inflammatory arguments. But a finding of frivolousness does not automatically result in sanctions. *See Glanzman*, 892 F.2d at 61 (sanctioning a frivolous appeal is a

discretionary matter). And although "a finding of bad faith is not necessary to impose sanctions under" Rule 38, *In re Becraft*, 885 F.2d 547, 549 (9th Cir. 1989), lack of bad faith cuts against sanctioning these four attorneys. *Id.* ("Bad faith may aggravate the circumstances justifying sanctions [under Rule 38] . . . ." (quoting *Coghlan* v. *Starkey*, 852 F.2d 806, 814 (5th Cir. 1988))). We believe that their response to the order to show cause and our comments today will serve as a sufficient warning to them to act more responsibly in the future.

\*          \*          \*

Accordingly, we order Blixseth and Flynn to pay appellees' attorneys' fees and costs in defending against this appeal. *See* Fed. R. App. P. 38; 28 U.S.C. § 1927. In addition, they shall each pay $500 in damages to the Clerk of Court as reimbursement for the costs incurred during this frivolous and bad-faith appeal. *See Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 43–45 (1991) (discussing the inherent power of federal courts "to fashion an appropriate sanction for conduct which abuses the judicial process"); *see also Lasar* v. *Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005). We refer the determination of an appropriate amount of attorneys' fees and costs to the Appellate Commissioner, who shall have authority to enter an order awarding fees to appellees. *See* 9th Cir. R. 39-1.9. The order to show cause is discharged as to the other respondents.

Because we do not rely on Federal Rule of Appellate Procedure 46 to sanction Flynn, his request for a Rule 46 hearing is denied. Flynn's request for an evidentiary hearing is denied because the authenticity of the emails allegedly authored by Blixseth's ex-wife is irrelevant. Whether or not

the emails turn out to be genuine, Blixseth and Flynn were required to disclose that their authenticity is in dispute.

Fox's, Conant's, Ferrigno's and Stillman's requests for Rule 46 hearings; Ferrigno's and Conant's motions to withdraw as counsel; and Stillman's motion to strike Cross Harbor's supplemental excerpts of the record are all denied as moot.