**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD SHEEHY, | No.    15-15465 |
| Plaintiff-Appellant, | DC No. CV 14-01325 PSG |
| v. | |
| SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Before:    TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,[**]
District Judge.

Appellant Harold Sheehy filed a complaint against the Santa Clara Valley

Transportation Authority ("VTA") alleging violations of the Fair Labor Standards

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Act, 29 U.S.C. §§ 206(a) and 207(a) ("FLSA") for failing adequately to compensate him for overtime. Sheehy now appeals from the district court's grant of summary judgment in favor of the VTA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

For more than twenty years, Sheehy has been employed as a light rail operator by the VTA. Until 2013, Sheehy operated Train 10 along the Alum Rock-Santa Teresa line. One of Sheehy's duties was to return the train to the storage yard – to "pull-in" the train – at the end of his shift. Prior to July 2010, Sheehy was allotted forty-six minutes to complete his pull-in and he consistently pulled-in several minutes ahead of schedule.

In July 2010, the VTA adjusted the pull-in schedule for trains on the Alum Rock-Santa Teresa line. This had the effect of shortening Sheehy's allotted pull-in schedule by five minutes. Over the next three years, from 2010 through 2013, Sheehy consistently pulled-in approximately fifteen minutes behind schedule. And, Sheehy regularly submitted overtime pay requests for these fifteen-minute increments.

The VTA initially paid most of Sheehy's requests, but after several months, initiated an investigation into Sheehy's claims. In September 2010, after the investigation revealed that Sheehy was regularly taking an additional, unscheduled

2

restroom break at Alum Rock before pulling in, the VTA began denying Sheehy's overtime requests. This action followed.

The district court granted summary judgment to the VTA. It concluded that the VTA was not required to pay Sheehy for overtime because, while "authorized breaks over the course of the day are compensable[,]" the same is not true for "an unauthorized extension of a rest break" which is "not considered compensable as hours worked." The district court also held that Sheehy's overtime claims prior to March 2012 were time-barred by the FLSA two-year statute of limitations.

The FLSA does not obligate an employer to compensate an employee for unauthorized rest breaks. *See, e.g.*, U.S. Dep't of Labor, Wage and Hour Division, Opinion Letter on Fair Labor Standards Act, 1996 WL 1005233, at *1 (Dec. 2, 1996) ("The FLSA does not require an employer to provide its employees with rest periods or breaks. If the employer decides to permit short breaks, however, the time is compensable hours worked."). Sheehy contends that a genuine dispute of material fact exists as to whether his Alum Rock restroom breaks were authorized, relying on his own declaration and statements made by the head of his union in an earlier arbitration.

Sheehy's declaration merely asserts that he was not required to seek approval prior to taking his break. Because this portion of Sheehy's declaration is

nothing more than a legal conclusion, it does not create a genuine issue of material fact. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." (citing *SEC v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007))).

Sheehy's reliance on the union head's arbitration testimony is likewise unavailing. First, the union head works as a bus driver, an entirely different position then that of a light rail operator. Second, the excerpt of the arbitration testimony on which Sheehy relies fails to establish that the union head ever received overtime pay for unscheduled and unauthorized rest breaks taken immediately prior to the end of her shift.

Sheehy failed to submit evidence to establish a genuine dispute that his restroom breaks were authorized by the VTA. Accordingly, we affirm the district court's grant of summary judgment in favor of the VTA.[1]

The VTA requests sanctions on appeal under Federal Rule of Appellate Procedure 38. We conclude that the appeal is not frivolous and, therefore, that

---

[1] Because we decide this appeal on the ground that Sheehy's breaks were unauthorized and therefore not compensable under the FLSA, we need not reach the statute of limitation issue.

sanctions are not warranted.  *See Blixseth v. Yellowstone Mountain Club, LLC*, 796

F.3d 1004, 1007 (9th Cir. 2015).  The request for Rule 38 sanctions is denied.

**AFFIRMED.**