**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| INDIEZONE, INC. and EOBUY, LIMITED, | Nos. 14-16895 |
| | 15-17339 |
| Plaintiffs-Appellants, | |
| | D.C. No. 3:13-cv-04280-VC |
| CONOR FENNELLY, CEO and DOUGLAS RICHARD DOLLINGER, Counsel, | |
| | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| TODD ROOKE; JOE ROGNESS; PHIL HAZEL; SAM ASHKAR; HOLLY OLIVER; JINGIT HOLDINGS, LLC; JINGIT FINANCIAL SERVICES, LLC; MUSIC.ME, LLC; SHANNON DAVIS; JUSTIN JAMES; CHRIS OHLSEN; DAN FRAWLEY; DAVE MOREHOUSE II; TONY ABENA; U.S. BANK; WAL-MART STORES, INC.; GENERAL ELECTRIC COMPANY; TARGET STORES, INC.; JINGIT LLC; CHRIS KARLS; JOHN E. FLEMING, | |
| Defendants-Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,[**] District Judge.

In this consolidated appeal, appellants seek review of the district court's order imposing sanctions, as well as its subsequent order denying their FRCP 60(b) motion for relief from judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's decisions.

We review the district court's imposition of sanctions for abuse of discretion. *F.J. Hanshaw Enters. v. Emerald River Dev.*, 244 F.3d 1128, 1135 (9th Cir. 2001). In addition, motions for relief from judgment are ordinarily committed "to the sound discretion of the district court" and, as a result, "will not be reversed absent some abuse of discretion." *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). "We review de novo, however, a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." *Id*. We decline to review any argument

_____

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

raised for the first time on appeal. *See Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009).

**1.** The district court did not abuse its discretion in finding, as a matter of fact, that appellants had engaged in sanctionable bad faith conduct. The court so found after holding an evidentiary hearing on August 6, 2014—a hearing that appellants had requested and for which they had ample opportunity to prepare. Prior to the hearing, the district court provided clear directives to appellants and explicitly warned that they could face sanctions, including dismissal, for their failure to comply. In addition, although appellants repeatedly failed to meet deadlines, the district court accommodated several requests for extensions, while denying others. In doing so, the district court reasonably managed its docket and the case schedule while affording all parties an opportunity to prepare and be heard. Despite these directives, warnings, and accommodations, appellants did not present any evidence at the hearing.

Beyond appellants' failures to comply with the district court's orders, the order imposing sanctions highlighted numerous contradictions and inconsistencies that suggested appellants had attempted to create and advance a sham plaintiff. The false and misleading declarations submitted by Fennelly conflicted with one another, as well as with the evidence presented by defendants. In particular,

3

Fennelly proffered evasive and conflicting explanations as to the nature of certain corporate filings and the dates on which those documents were originally created and submitted to the CRO. Publicly available records indicated that Laraghcon Chauffeur Drive Limited—the company alleged to have become the eoBuy entity in 2008—had in fact operated exclusively as a taxi company from 2008 to 2014 and did not hold any intellectual property assets. Appellants also failed to proffer any documentation to connect Fennelly to Laraghcon prior to 2014, to demonstrate the existence or function of the purported holding company Amdex, or to show that any of the alleged high-value intellectual property transfers had in fact taken place. To the contrary, the evidence suggested that Fennelly had attempted to manufacture an eoBuy entity in 2014 after discovering that the original eoBuy plaintiff lacked capacity to sue, only choosing to purchase and convert Laraghcon because the taxi company had the requisite incorporation date of July 15, 2008—the same date Fennelly had alleged to be the CRO registration date of eoBuy Licensing Limited.

On these facts, the district court did not abuse its discretion in finding that appellants had engaged in sanctionable conduct. The record amply supported the district court's finding that appellants had submitted multiple misleading and false

declarations and fraudulent documents in bad faith in order to create a sham plaintiff, and appellants failed to offer any credible explanation to the contrary.

2. The district court did not abuse its discretion or otherwise err in sanctioning Fennelly pursuant to its inherent authority, even though he was not a party to the case. We have established that a district court may use its inherent powers to sanction non-parties for abusive litigation practices. *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995). Because Fennelly purported to be the CEO of both Indiezone and eoBuy, authored the declarations found to be the primary source of the bad faith conduct, and was subject to—yet disobeyed—a court order explicitly directing him to appear and testify at the hearing on sanctions, the district court had authority to sanction Fennelly under its inherent powers.

3. The district court did not abuse its discretion or otherwise err in sanctioning Dollinger. Where a court sanctions an attorney pursuant to its inherent powers, some showing of bad faith is required. *See Fink v. Gomez*, 239 F.3d 989, 992–93 (9th Cir. 2001). Similarly, sanctions imposed pursuant to 28 U.S.C. § 1927 must be supported by a finding of bad faith. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). A district court may find such bad faith "when an attorney has acted recklessly if there is something

5

more," such as frivolousness, harassment, or an improper purpose. *Fink*, 239 F.3d at 993–94. "[A] finding that the attorney recklessly or intentionally misled the court" or "a finding that the attorney[] recklessly raised a *frivolous* argument which resulted in the multiplication of the proceedings" amounts to the requisite level of bad faith. *Franco v. Dow Chem. Co.* (*In re Girardi*), 611 F.3d 1027, 1061 (9th Cir. 2010) (citations omitted). In addition, "recklessly or intentionally misrepresenting facts constitutes the requisite bad faith" to warrant sanctions, as does "recklessly making frivolous filings." *Id.* at 1061–62 (internal quotations and citations omitted).

Dollinger had notice as early as January 10, 2014, that issues regarding the corporate status of eoBuy existed. By March 3, 2014, Dollinger also had notice that Fennelly's proffered explanations were plainly inconsistent with the CRO's public record. Despite this, Dollinger continued to file declarations and motions that adopted and advanced Fennelly's misrepresentations. He did so in a manner that, at best, recklessly disregarded the truthfulness of those representations. Finally, Dollinger's oral representations to the district court, made at hearings held on June 5 and August 6, 2014, strained believability in light of the record presented.

The district court therefore did not abuse its discretion in sanctioning Dollinger.

**4.** The district court did not abuse its discretion in imposing the most serious sanction available, dismissal of the case with prejudice. It did so only after carefully considering the evidence and procedural history and weighing the relevant factors on the record. *See Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). It also carefully considered less severe sanctions, but found dismissal to be the only appropriate sanction. *See Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990). The district court specifically found that appellants had deliberately engaged in deceptive practices that undermined the integrity of judicial proceedings and willfully deceived the court. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348–49 (9th Cir. 1995). It explained that dismissal was appropriate "due to the egregious and fundamental nature of the fraud," which "[struck] to the heart of the case," and because "anything less than dismissal with prejudice [would] permit the plaintiffs and Dollinger to bring this vexatious and fraudulent suit again." Therefore, while the sanction of dismissal should be imposed only in "extreme circumstances," *see Hamilton Copper & Steel Corp.*, 898 F.2d at 1429, considering the circumstances

presented here, the district court did not abuse its discretion in dismissing this case with prejudice.

**5.**     Largely for the reasons already discussed, we also conclude that the district court did not abuse its discretion or otherwise err in denying relief from its order pursuant to Rule 60(b).

First, appellants failed to justify relief from judgment on the basis of newly discovered evidence pursuant to Rule 60(b)(2).  Although we note that appellants have not made clear why they could not have reasonably acquired the proffered CRO "metadata" prior to the August 2014 hearing on sanctions and, therefore, why it amounted to "newly discovered" evidence, *see Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–12 (9th Cir. 1987), we need not decide this question.  Appellants were not entitled to relief under Rule 60(b)(2) because the metadata was not "of such magnitude that production of it earlier would have been likely to change the disposition of the case."  *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co.*, 833 F.2d at 211).

To the contrary, the information recovered from the CRO's metadata files, and presented now as "newly discovered" evidence, is entirely unresponsive to numerous concerns and discrepancies discussed by the district court in its order imposing sanctions.  Furthermore, the metadata remains entirely inconsistent with

the claims made by Fennelly and Dollinger—found by the district court to be false and misleading—that Mr. Fennelly had filed the eoBuy Ventures Limited name change *in 2008* and "simply forgot" that the CRO had rejected it. Thus, the metadata evidence does not undermine the district court's determination that appellants had engaged in sanctionable conduct intended to manufacture an eoBuy entity and avoid arbitration and, in turn, would not have been likely to change the disposition of the case.

Second, appellants are not entitled to relief pursuant to Rule 60(b)(3) because they have not proven "by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct" or that any conduct on the part of defendants prevented them "from fully and fairly presenting [their] case or defense." *See id.* (citation omitted). Third, appellants are not entitled to relief pursuant to Rule 60(b)(4) because they have not demonstrated that the judgment was "so affected by a fundamental infirmity" as to be void. *See U.S. Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Finally, appellants have not presented "any other reason" that would justify relief from the district court's order imposing sanctions. FED. R. CIV. P. 60(b)(6).

For the foregoing reasons, the district court's order imposing sanctions and its subsequent order denying appellants' motion for relief from judgment are **AFFIRMED.**

FILED

DEC 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Indiezone, Inc.*, Case Nos. 14-16895 and 15-17339**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.