NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER DIAZ, on behalf of himself and all others similarly situated, | No.    17-15402 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-04833-CRB |
| v. | MEMORANDUM* |
| CHARLES MESSER, Attorney for Defendant Collecto, Inc.; et al., | |
| Appellants, | |
| v. | |
| COLLECTO, INC., DBA EOS CCA, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted June 13, 2018
San Francisco, California

Before:  SCHROEDER, EBEL,** and OWENS, Circuit Judges.
    Appellants Charles R. Messer, David J. Kaminski, and Stephen A.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Watkins—attorneys for Defendant Collecto, Inc.—challenge sanctions the district court imposed against them under 28 U.S.C. § 1927. We affirm.

At the outset, we note that sanctions are inappropriate where their imposition would "chill zealous advocacy." Ault v. Hustler Magazine, Inc., 860 F.2d 877, 884 (9th Cir. 1988) (addressing Fed. R. Civ. P. 11 sanctions), overruling on other grounds recognized in Unelko Corp. v. Rooney, 912 F.2d 1049, 1052-53 (9th Cir. 1990). Specifically, sanctions should not be applied simply because attorneys advance a novel argument that the Ninth Circuit has not yet considered or perhaps even asserts arguments challenging already existing precedent. See Stone Creek, Inc. v. Omnia Italian Design, Inc., 875 F.3d 426, 443 (9th Cir. 2017), cert. denied, 138 S. Ct. 1984 (2018). But those were not the bases for the § 1927 sanctions the district court imposed in this case. Instead, the district court sanctioned Appellants primarily because of the slipshod and misleading manner in which they argued in support of their Fed. R. Civ. P. 12(c) motion by relying on clearly inapposite authority.

Section 1927 provides that a court "may" require "[a]ny attorney" who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Ninth Circuit has held that § 1927's language— "unreasonably and vexatiously"—"implies a bad faith or intentional misconduct

17-15402

requirement not explicit in the statute." Barnd v. City of Tacoma, 664 F.2d 1339, 1343 (9th Cir. 1982). Therefore, "[s]anctions pursuant to section 1927 must be supported by a finding of subjective bad faith." Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015) (internal quotation marks omitted). The Ninth Circuit has recognized that, among other circumstances, "bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." Id. (internal quotation marks and alteration omitted). An argument is frivolous if its resolution "is obvious" or the argument is "wholly without merit." Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley ( In re Nat'l Mass Media Telecomm. Sys., Inc.), 152 F.3d 1178, 1181 (9th Cir. 1998) (internal quotation marks omitted).

In this case, the district court found that Collecto's attorneys made a Fed. R. Civ. P. 12(c) motion that "was both frivolous and filed recklessly." (E.R. 159.) In deeming Collecto's Rule 12(c) arguments to be frivolous for purposes of § 1927, the district court reiterated that it

> found [Collecto's Rule 12(c)] motion to be absolutely frivolous. . . . the logic makes no sense at all. . . . I find it inappropriate, it's wrong as a matter of law, and certainly I don't understand it as a matter of strategy. . . . I do really find that it's a frivolous motion, absolutely frivolous.

(E.R. 159 n.2 (quoting Tr. of 5/6/2016 (dkt. 35) at 6).) The district court did not abuse its discretion in deeming Collecto's Rule 12(c) arguments to be frivolous.

See Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1292 (9th Cir. 2015) (establishing that our review is for an abuse of discretion).

In the ongoing class action underlying this appeal, Plaintiff Walter Diaz alleges that Collecto, a debt collection agency, violated California's Invasion of Privacy Act ("IPA")—specifically California Penal Code §§ 632 and 632.7—by recording its telephone calls with Diaz without first obtaining his consent.

Section 632(a) prohibits recording a "confidential communication" without the consent of all parties involved. A "confidential communication" includes

> any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made . . . in any . . . circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Id. § 632(c).

The other statute on which Diaz relies, California Penal Code § 632.7, similarly prohibits recording calls occurring over cell and wireless telephones, but its prohibition is not limited to confidential communications:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished

by a fine or imprisonment or both. Id. § 632.7(a).

4                                                                17-15402

Among its frivolous Rule 12(c) contentions, Collecto challenged Diaz's claim under California Penal Code § 632 by arguing that Collecto's employees' telephone conversations with Diaz "about his debt were not private or confidential." (E.R. 47.) The district court did not abuse its discretion in deeming this argument to be contrary to California case law addressing what is a "confidential communication" under § 632, see, e.g., Flanagan v. Flanagan, 41 P.3d 575, 579-82 (Cal. 2002). In addition, that argument contradicted Plaintiff Diaz's well-pled factual allegations, which must be accepted as true at the Rule 12(c) stage of litigation. See Daewoo Elecs. Am. Inc. v. Opta Corp., 875 F.3d 1241, 1246 (9th Cir. 2017), cert. denied, 2018 WL 1763555 (U.S. June 18, 2018).

As to its challenges to Diaz's claims implicating both California Penal Code §§ 632 and 632.7, Collecto relied on Illinois case law to contend, frivolously, that California's IPA was overbroad as applied to Collecto. In asserting its overbreadth argument, Collecto specifically eschewed any facial challenge to the California statutes, expressly asserting only an as-applied overbreadth challenge to the California statute. But a litigant cannot make an as-applied overbreadth argument; an overbreadth challenge must be addressed to the facial validity of a statute. See United States v. Szabo, 760 F.3d 997, 1003-04 (9th Cir. 2014). Understandably, then, the Illinois cases on which Collecto based its as-applied argument addressed instead a facial overbreadth challenge to an Illinois statute.

See People v. Clark, 6 N.E.3d 154, 157-62 (Ill. 2014); People v. Melongo, 6 N.E.3d 120, 123-27 (Ill. 2014).

Furthermore, in support of its as-applied overbreadth argument, Collecto asserted that because its debt collectors could take written notes of their conversation with Diaz, the IPA's prohibition against recording those conversations violated Collecto's First Amendment rights. But the Illinois cases which Collecto used to support this argument did not hold that, because one can take written notes of a private conversation, a state legislature cannot constitutionally preclude recording that conversation.

The district court, thus, did not abuse its discretion in deeming Collecto's Rule 12(c) arguments to be frivolous.

Such frivolous arguments alone will not support § 1927 sanctions, however. The attorneys making those frivolous arguments must have also acted with subjective bad faith. See Blixseth, 796 F.3d at 1007. The Ninth Circuit has recognized that such bad faith is present when an attorney "recklessly raises a frivolous argument." Id. (internal quotation marks omitted). Here, the district court did not clearly err, see Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1218-19 (9th Cir. 2010), in finding that Collecto's attorneys acted recklessly when they asserted these frivolous Rule 12(c) arguments. The quality of these arguments was "a gross deviation from the standard of" legal arguments one

17-15402

would expect under these circumstances, *Recklessly,* Black's Law Dictionary (10th ed. 2014).  That is particularly so because the case law on which Appellants based their arguments was so clearly inapposite.

**AFFIRMED**.