NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO DEL VALLE, | No. 19-15313 |
| Plaintiff-Appellee, | D.C. No. 4:17-cv-03611-JSW |
| v. | |
| SCOTT THORNE, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| COUNTY OF SONOMA; et al., | |
| Defendants. | |

| | |
|---|---|
| FERNANDO DEL VALLE, | No. 19-15350 |
| Plaintiff-Appellee, | D.C. No. 4:17-cv-03611-JSW |
| v. | |
| BEAU ZASTROW, | |
| Defendant-Appellant, | |
| and | |
| SCOTT THORNE; et al., | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

                    Defendants.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted January 8, 2020
San Francisco, California

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and HILLMAN,[**] District Judge.

Defendants-Appellants Scott Thorne and Beau Zastrow separately appeal from the district court's denial of their motions for summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Greisen v. Hanken*, 925 F.3d 1097, 1107 (9th Cir. 2019), we affirm as to Thorne and reverse as to Zastrow.

1. Viewing the evidence in the light most favorable to Plaintiff-Appellee Fernando Del Valle, a reasonable jury could conclude that Thorne's use of a taser and baton on Del Valle constituted excessive force.

In September 2016, Thorne and Zastrow, who were then Sonoma County deputy sheriffs, responded to a neighbor's call about a domestic dispute at Del Valle's house. The neighbor reported that the dispute sounded verbal, not

----

[**] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

physical, and that Del Valle's wife sounded like the aggressor. The deputies arrived to find Del Valle alone in a locked bedroom. Bodycam footage shows that when Thorne kicked open the door and entered, Del Valle was lying shirtless on the bed, using a cellphone with both hands in view. Thorne ordered Del Valle several times to stand up. Del Valle did not do so, instead stating calmly that he was calling his lawyer. Thorne reached out four times to grab Del Valle's right forearm, and each time Del Valle pulled his arm out of Thorne's grasp. On the fifth occasion, Thorne appeared to reach for Del Valle's cellphone, causing Del Valle to push Thorne's arm away. Immediately, Thorne discharged his taser into Del Valle's bare chest from close range. Several seconds later, Thorne struck Del Valle's right knee with a baton.[1]

A reasonable juror could conclude that Thorne's use of force under these circumstances was objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Del Valle had not been verbally or physically aggressive and did not pose an immediate threat to anyone. He had not committed any severe offenses. *See Young v. County of Los Angeles*, 655 F.3d 1156, 1164-65 (9th Cir. 2011). And although he actively resisted Thorne's attempts to grab his arm and cellphone, that "resistance did not involve any violent actions towards the

---

[1] Before the district court, Thorne sought and was denied qualified immunity as to both his deployment of the taser and his use of the baton. Thorne contests only the denial of qualified immunity as to his use of the taser in this appeal.

3

officers." *See Mattos v. Agarano*, 661 F.3d 433, 445 (9th Cir. 2011) (en banc); *Bryan v. MacPherson*, 630 F.3d 805, 830 (9th Cir. 2010). Moreover, it was clearly established at the time of Thorne's actions that discharging a taser on a non-threatening individual who had not committed a serious crime and had not engaged in aggressive or violent resistance would violate the Fourth Amendment. *See Mattos*, 661 F.3d at 445-46; *see also Bonivert v. City of Clarkston*, 883 F.3d 865, 880 (9th Cir. 2018). The district court thus appropriately denied Thorne's motion for summary judgment.

2. Del Valle does not dispute that Zastrow did not personally use unreasonable force but argues that he is liable as an "integral participant" in Thorne's allegedly excessive use of force. We disagree.

A defendant officer may be held liable as an integral participant in another officer's constitutional violation if the defendant was "aware of the [other officer's] decision" to violate the law, "did not object to it," and "participated in some meaningful way" in the violation. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). After Del Valle left the bed, Zastrow held down Del Valle's legs while Thorne applied a six-second carotid restraint on Del Valle and administered several baton blows. But Del Valle has not shown that Zastrow was aware Thorne would engage in such force or that he had an opportunity to object. Zastrow maintains that he did not know Thorne was applying the carotid restraint because

4

Thorne's body was blocking Zastrow's view. Del Valle has identified no evidence to controvert this account. And Zastrow could not have anticipated Thorne's striking Del Valle with a baton, which occurred with minimal forewarning. Accordingly, Zastrow's role did not render him an integral participant in Thorne's actions, and Zastrow is entitled to qualified immunity.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**[2] The parties shall bear their own costs on appeal.

---

[2] We decline Del Valle's request to impose sanctions on Thorne and Zastrow for bringing frivolous appeals. These appeals were not "wholly without merit," and thus not frivolous for the purposes of Federal Rule of Appellate Procedure 38. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quotation marks omitted).