NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA MEADOW,

Plaintiff-Appellee,

v.

GOODRICH CORPORATION,

Defendant-Appellant.

No.    20-16753

D.C. No. 2:18-cv-03009-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 9, 2021[**]
San Francisco, California

Before: GRABER, MURGUIA, and LEE, Circuit Judges.

This case arises out of Patricia Meadow's claims against Goodrich

Corporation for negligence and premises liability under Arizona law, concerning

injuries Meadow sustained while working for a Goodrich contractor. The district

court granted summary judgment to Goodrich, ruling that Goodrich was statutorily

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immune from liability under Arizona law for Meadow's injuries. Goodrich then moved for sanctions under 28 U.S.C. § 1927, arguing that Meadow's counsel had unreasonably and vexatiously pursued this action despite Goodrich's repeated arguments that it was statutorily immune from suit under Arizona law. The district court denied Goodrich's motion for sanctions, and Goodrich timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion a district court's ruling on a motion for sanctions under § 1927. *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015). A district court abuses its discretion if its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

An attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." § 1927. Sanctions imposed under § 1927 "must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation omitted). "[S]ubjective bad faith . . . is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim

2

for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citation omitted).

The district court did not abuse its discretion in denying Goodrich's motion for § 1927 sanctions. The district court reviewed the record and found that the merits of Meadow's claims called for "a fact specific determination which require[d] consideration of the totality of the circumstances." Notably, the district court disagreed with Goodrich's assertion of "overwhelming evidence" from the time Goodrich filed its answer that Meadow's claims were barred by Arizona law. Although Meadow did not ultimately prevail on her claims, the court saw nothing in the record to indicate that Meadow's counsel "acted in bad faith" in pursuing those claims to summary judgment. That holding was not "illogical" or "implausible," nor "without support in inferences . . . drawn from the facts in the record." *Hinkson*, 585 F.3d at 1262 (internal quotation marks omitted). This result is especially true considering that "[d]istrict courts enjoy much discretion in determining whether . . . sanctions are appropriate" under § 1927. *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995).[1]

---

[1] Meadow challenges the district court's underlying summary judgment order in her answering brief—which was filed nearly a year after the district court granted summary judgment to Goodrich. Meadow has not filed a notice of cross-appeal on this untimely challenge, so we decline to address it. *See Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001) (noting that we generally require a notice of cross-appeal where, as here, a party "seeks to increase its monetary recovery or decrease its monetary liability . . . [or] if an issue affects a legal right

**AFFIRMED.**

that may have an impact on damage recovery.”); *see also id.* (considering “whether the nature of the district court opinion should have put the appellee on notice of the need to file a cross-appeal” (citation omitted)).