**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHEN W. BARTON, | No. 22-35130 |
| Plaintiff-Appellant, | 22-35691 |
| v. | D.C. No. 3:21-cv-05372-BHS |
| LEADPOINT, INC.; RELIANCE FIRST CAPITAL LLC, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LOANDEPOT.COM LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 11, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nathen Barton sued Leadpoint, Inc. and Reliance First Capital LLC, alleging that they violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending him unsolicited text messages after he asked them not to contact him. He appeals from district court orders granting Appellees' motions to dismiss and awarding them attorneys' fees. We affirm the district court's dismissal of Barton's First Amended Complaint but reverse its award of attorneys' fees.

1. We review de novo the district's grant of a motion to dismiss and can affirm on any proper ground if support exists in the record. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023). Barton does not have a cause of action under the TCPA because the number that received the messages prompting this action is not a residential phone number within the meaning of the TCPA.[1] Although a phone number on the national do-not-call registry is presumptively residential, that presumption can be rebutted by considerations such as (1) how the plaintiff "hold[s] [his] phone number[] out to the public"; (2) whether the phone number is "registered with the telephone company as [a] residential or business line[]"; (3) how much the plaintiff "use[s] [his] phone[] for

---

[1] Defendants argue that Barton forfeited any argument that his phone number is residential by not discussing the issue in his opening brief. But because the district court did not rely on this ground in dismissing Barton's Complaint, he was not obligated to address it in his opening brief. Even if the issue was forfeited, we may address it because it is "a pure question of law and the opposing party will suffer no prejudice." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 877 n.2 (9th Cir. 2022) (quotation marks omitted).

business or employment"; (4) "who pays for the phone bills"; and (5) "other factors bearing on how a reasonable observer would view the phone line." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022).

Barton describes the number at issue here—the (718) area code number—as one that he obtained "in an effort to shield his (972) area code number . . . and to keep that number away from unsavory characters like telemarketers and telemarketing lawyers." He further characterizes the (718) area code number as "not connected to financial accounts or social media accounts" and as not "serv[ing] as a gateway to other private information." He emphasizes that he "do[es] not want [his] private number to be published," and contrasts his (718) area code number with his "personal, private and anonymous (972) area code phone number." Barton has made no representation that he uses the (718) area code number for anything other than court filings. Because Barton uses the (718) area code number only for litigation purposes, a reasonable observer likely would not think that Barton has legitimate privacy concerns regarding that code number. *See id.*; *cf. Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (describing the TCPA's purpose of "protect[ing] the privacy interests of residential telephone subscribers" and preventing calls that amount to a "nuisance and an invasion of privacy" (quotation marks omitted)). The district court therefore did

not err by dismissing Barton's Complaint.[2]

2.  The district court abused its discretion by awarding attorneys' fees to Appellees under 28 U.S.C. § 1927, Washington Revised Code section 4.84.185, and Local Rule 11(c).  Barton's arguments in this case, although ultimately unsuccessful, were not frivolous.  *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015); *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 218 P.3d 196, 208 (Wash. Ct. App. 2009).  The mere fact that Barton is a frequent TCPA litigant does not evince bad faith, and there is no other evidence to that effect—the conflicting positions on nuanced issues of federal jurisdiction in his motion to remand and First Amended Complaint appear to have been the

---

[2] Barton's arguments that the district court did not follow proper procedures in granting Defendants' Motion to Dismiss are unavailing.

The district court did not abuse its discretion when it granted Barton leave to amend but then dismissed his First Amended Complaint without further leave to amend.  Although leave to amend should be granted generously, *see United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011), especially in cases involving pro se plaintiffs, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), Barton amended his complaint once; did not request further leave to amend in his opposition to Defendants' Motion to Dismiss; and never explained how he could cure his complaint by amendment.

Nor did the district court abuse its discretion by considering the homeequityquiz.com and LeadPoint websites without converting Defendants' Motion to Dismiss into a Motion for Summary Judgment.  A district court may consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colls.*, 655 F.3d at 999.  All three criteria are met here.

4

product of a pro se plaintiff's confusion, not a lack of good faith. *See Blixseth*, 796 F.3d at 1007; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989).

We therefore reverse the district court's order awarding attorneys' fees.

**No. 22-35130 AFFIRMED.  No. 22-35691 REVERSED.**